(4 Misc. Rep. 235.)

DAY v. DAY.

(Superior Court of New York City, Special Term. June 19, 1893.)

CUSTODY OF CHILDREN—RIGHTS OF MOTHER.

A child will not be taken from the custody of its father, and given to its mother, where it does not appear that its welfare requires the change.

Application by Caroline A. Day for a writ of habeas corpus against Oswald G. Day, her husband, to obtain the custody of their infant child. The writ was issued, and the case comes before the court on the return thereto. Dismissed.

Louis J. Grant, for petitioner.
Poor & Duffy, for respondent.

McADAM, J. In State v. Paine, 4 Humph., at page 533, the presiding judge said:

"Among the multiplied duties of a court, there are none the discharge of which is attended with more pain and regret than those which interfere with the domestic relations of husband and wife, parent and child. These relations are of so sacred a character, and involve to so great an extent the peace and happiness of mankind in general, that it cannot be otherwise than a source of deep mortification to a well-regulated and humane mind to be compelled publicly to investigate and determine conflicting rights arising out of feuds between them."

Courts may redress wrongs and enforce rights, but should never interfere with matrimonial broils, further than required by imperative necessity. This gets us down to the question whether, in this instance, any wrong has been done to the petitioner which calls for judicial interference. The father has possession of his child, and the mother asks that it be taken from him and given to her. At common law, the father was master of the household. It was his duty to support his wife, maintain and educate his offspring, and, to discharge these duties, he possessed the paramount right to the custody and control of his minor children, except in case of gross breach of duty. The common-law rule was subsequently modified by the court of chancery, which, at an early day, assumed a jurisdiction over the persons and estates of infants, making the claims of justice and the interests of the infant override all claims of paternal authority. 17 Amer. & Eng. Enc. Law, 365. Lawson, in his work on Rights and Remedies, (volume 2, end of page 1477,) lays down the rule that, whenever the father already has the custody, the court will not take it from him, unless he be guilty of abuse, or the welfare of the child requires a change. No charge has been made against the father. He seems devoted to the child, and it has also the care and attention of his mother and sisters, who are willing to attend to its every want. Under these circumstances, it is impossible for the court to decide that the welfare of the child requires that it should be taken from the father, and given to the mother. It could not receive better care in any hands, and it is safe to let "well enough alone." The court has purposely abstained from making any allusions to the charges

against the mother, in the hope that the parties may forget the past, and come together again. It is clear that the child is not illegally restrained or deprived of its liberty, and that there is no good or sufficient ground upon which the court is called upon to interfere. The writ will therefore be dismissed, without costs, and upon condition that the mother be permitted to see the child at times to be stated in the order, and with leave to renew on the termination of the divorce suit now pending.